1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN FRANCISCO DIVISION

7

8

RYAN THOMAS SMITH,

9

Plaintiff,

10

v.

11

SHERIFF HONSAL,

12

Defendant.

Case No. 24-cv-01417-PHK

**ORDER RE: MANDATORY SCREENING OF COMPLAINT AND RE: SERVICE; REFERRING CASE TO JUDICIAL SETTLEMENT CONFERENCE**

Re: [Dkt. 1]

13

14

Plaintiff Ryan Thomas Smith ("Smith"), an inmate at Humboldt County Correctional

15

Facility, has filed a *pro se* action pursuant to 42 U.S.C. § 1983.  Plaintiff Smith has consented to

16

Magistrate Judge jurisdiction.  [Dkt. 3].  Plaintiff Smith has been granted leave to proceed *in*

17

*forma pauperis* in a separate Order.  [Dkt. 11].  Now the Court undertakes a review of Plaintiff

18

Smith's Complaint under 28 U.S.C. § 1915A.  [Dkt. 1].

19

**DISCUSSION**

20

**A.    STANDARD OF REVIEW**

21

In a case in which a prisoner seeks redress from a governmental entity, or from an officer

22

or employee of a governmental entity, the Court conducts a mandatory screening of the complaint.

23

*See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and

24

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be

25

granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

26

§ 1915A(b)(1)-(2).  A *pro se* Plaintiff's pleadings are liberally construed and afforded the "benefit

27

of any doubt."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).

28

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim

United States District Court
Northern District of California

United States District Court
Northern District of California

1    showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

2    necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the

3    grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation

4    marks and citations omitted). While Rule 8 does not require detailed factual allegations, the legal

5    standard requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation.

6    *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and

7    conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions

8    devoid of further factual enhancement, does not suffice. *Id.*

9

10    **B.**    **ANALYSIS OF COMPLAINT**

11         The Complaint names Humboldt County Sheriff Honsal and Humboldt County

12    Correctional Facility Captain Christian as the Defendants. [Dkt. No. 1 at 1-2]. At a general level,

13    the Complaint alleges that the Humboldt County Correctional Facility is in such a severe state of

14    disrepair that it poses health and/or safety risks to inmates and thus violates the Plaintiff's

15    Constitutional rights under the Eighth and/or Fourteenth Amendments.

16    **A.**    **Whether the Complaint is Malicious, Frivolous, or Fails to State a Claim**

17         The Court first considers whether Plaintiffs' Complaint is "malicious." 28 U.S.C.

18    § 1915A(b)(1). A complaint is malicious "if it was filed with the 'intention or desire to harm

19    another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted).

20        **1.  Malicious**

21         As an initial matter, the Court finds that Plaintiff's Complaint is not "malicious." Here, the

22    Complaint states a cause of action against Defendants under 42 U.S.C. § 1983 for violations of

23    Plaintiff's Eighth and/or Fourteenth Amendment rights due to unsafe and unhealthy conditions at

24    the correctional facility. *See* Dkt. 1. The Complaint has no indicia that Plaintiff has an "intention

25    or desire to harm" Defendants through this action (such as by filing duplicative, serial lawsuits);

26    rather, the Complaint indicates Plaintiff's desire to vindicate his civil rights because of the harm

27    allegedly caused by Defendants. *Cf. Morris v. Nevada Gaming Control Bd.*, No. 3:16-CV-00604

28    MMD VPC, 2017 WL 2882704 (D. Nev. July 5, 2017*), report and recommendation adopted*, No.

1    3:16-CV-00604 MMD VPC, 2017 WL 4532152 (D. Nev. Oct. 10, 2017) ("The court notes that

2    duplicative litigation by a plaintiff proceeding in forma pauperis may be dismissed as malicious

3    under 28 U.S.C. § 1915(e)."). Here, Plaintiff is bringing a lawsuit which seeks to vindicate his

4    civil rights based on alleged harms caused by Defendants, and as a result, the Court finds that the

5    Complaint is not "malicious."

6              **2.    Frivolous or Fails to State a Claim**

7              The Court next considers whether Plaintiff's Complaint is "frivolous" or "fails to state a

8    claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1). A complaint is frivolous if

9    "it lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)

10    (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). That is, a "case is frivolous if it is 'of

11    little weight or importance: having no basis in law or fact.'"  *Andrews v. King*, 398 F.3d at 1121.

12              In determining whether a Complaint "fails to state a claim on which relief may be

13    granted," the legal standard is the same as the well-known standard under Federal Rule of Civil

14    Procedure 12(b)(6) for failure to state a claim.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.

15    2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the

16    context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."); *see also*

17    *Watison*, 668 F.3d at 1112 (Rule 12(b)(6) standard applies to screening for failure to state a claim

18    under § 1915(e)(2)(B)(ii)). "The Rule 12(b)(6) standard requires a complaint to contain sufficient

19    factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Wilhelm*,

20    680 F.3d at 1121 (citing to *Iqbal*, 556 U.S. at 678). Detailed factual allegations are not required

21    but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22    statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

23    544, 555 (2007)). A pleading must "contain either direct or inferential allegations respecting all

24    the material elements necessary to sustain recovery under *some* viable legal theory."  *Twombly*,

25    550 U.S. at 562 (citation omitted) (emphasis in original).

26              Moreover, "[a]lthough a *pro se* litigant . . . may be entitled to great leeway when the court

27    construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold

28    in providing a defendant with notice of what it is that it allegedly did wrong."  *Brazil v. U.S. Dep't*

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1 | *of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

2 | To state a claim under 42 U.S.C. § 1983, a Plaintiff must allege two essential elements:

3 | (1) that one of the Plaintiff's rights secured by the Constitution or laws of the United States was

4 | violated, and (2) that the alleged violation was committed by a person acting under the color of

5 | state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "Section 1983 creates a private right of

6 | action against individuals who, acting under color of state law, violate federal constitutional or

7 | statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (citing 42 U.S.C.

8 | § 1983). Section 1983 "does not create substantive rights, but rather provides the procedural

9 | mechanism for vindicating federal statutory or constitutional rights." *McNeil v. Sherwood Sch.*

10 | *Dist. 88J*, 918 F.3d 700, 706 (9th Cir. 2019) (citing *Baker v. McCollan*, 443 U.S. 137, 145

11 | (1979)).

12 | Here, the Complaint alleges violations of Plaintiff's Constitutional rights due to several

13 | allegedly unhealthy and unsafe conditions at the Humboldt County Correctional Facility.

14 | Specifically, the Complaint avers that there exist the following unsafe conditions:

15 | • There are leaks in the ceilings and walls, which allow significant amounts of water to enter

16 | the building, creating standing puddles throughout the housing units;

17 | • The water leakage causes the linoleum to peel off the ground and paint to peel off the walls

18 | or water-filled bubbles to cause bumps in the paint;

19 | • The water leakage causes tiles to fall;

20 | • The water leakage caused the kitchen ceiling to fall in a torrent of water, with the only

21 | repair being a piece of pressboard screwed in;

22 | • The water leakage into the kitchen results in kitchen trays accumulating black mold,

23 | because they are stored on racks under the leaking roofs;

24 | • The water leakage caused the inmate showers to grow black mold which inmates breathe in

25 | every time they shower;

26 | • The air filtration is inadequate because the vents are covered with chunks of dust;

27 | • The concrete walls have long, huge cracks in them. In Cell 617, the crack is covered by a

28 | metal plate welded to the concrete with points sharp enough to cut a person;

4

1      •   The support beams are also severely cracked, with multiple cracks going from side to side

2          and between one to two feet apart between cracks; and

3      •   There is an ant infestation in the jail.  Plaintiff alleges he frequently wakes up to ants

4          crawling on him and has found ants in his food.  Plaintiff alleges that he has had to throw

5          away commissary food because ants are walking on the floors and walls which have

6          "vomit, food, snot, fecies [sic] and who know what else" on them.

7    [Dkt. 1 at 2-4].

8        The Complaint further alleges that these conditions at the correctional facility have been

9    brought to the attention of corrections officials and have not been adequately mitigated, repaired,

10   or addressed.  Specifically, Plaintiff Smith has informed the correctional officials of the alleged

11   unsafe conditions discussed above.  *Id.* at 1-2.  In response, correctional officials allegedly put

12   down towels, turned in a maintenance slip, and sent an email with pictures addressing the issue.

13   *Id.* at 1.  Correctional officials allegedly informed Plaintiff Smith that maintenance has to

14   prioritize because it is a big building; and that maintenance has addressed the ceiling leak and has

15   looked at the leaking wall.  *Id.* at 2.

16        Liberally construed and taking the allegations as true solely for purposes of this mandatory

17   screening, the Complaint alleges that the Defendants have a practice or custom of housing inmates

18   in unhealthy or unsafe living conditions as described above.  *See Monell v. Dep't of Social Servs.*,

19   436 U.S. 658, 691-92 (1978) (local government entity may be held liable for civil rights violation

20   caused by law enforcement officer upon showing that entity's decisionmakers adopted policy,

21   custom or practice that was moving force behind violation).  Without making any findings as to

22   the ultimate merits of this case, and pursuant to the legal standards for construing a Complaint at

23   this early stage of the proceedings, the Court finds that the Complaint sufficiently pleads facts

24   which state a cognizable claim against the Defendants for Constitutional violations due to prison

25   conditions.  *Cf. Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious

26   health hazards in disciplinary segregation yard for a period of nine months, including toilets that

27   did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack

28   of cold water even though the temperature in the prison yard exceeded 100 degrees, are enough to

United States District Court<br>Northern District of California

1    state a claim of unconstitutional prison conditions).

2    Plaintiff has been released from the correctional facility.  [Dkt. 13].  Because it is not

3    entirely from the Complaint whether Plaintiff was detained as a pretrial detainee or as post-

4    conviction inmate, the Court has analyzed the Complaint's allegations for sufficiency under both

5    the cruel and unusual punishment standards under the Eighth Amendment (which is applicable to

6    post-conviction inmates) as well as the Due Process standards under the Fourteenth Amendment

7    (which applies if Plaintiff is a pre-trial detainee).  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)

8    (Eighth Amendment requires prison official to ensure that inmates receive adequate food, clothing,

9    shelter, and medical care, and to take reasonable measures to guarantee inmates' safety);  *Bell v.*

10    *Wolfish*, 441 U.S. 520, 535 n.16 (1979) (pretrial detainee challenge to conditions of confinement is

11    brought under Due Process Clause of Fourteenth Amendment).  Given the liberal construction

12    standard for Complaints reviewed for mandatory screening, the Court finds that the Complaint

13    sufficiently alleges a claim under the applicable legal standards for either the Eighth Amendment

14    or the Fourteenth Amendment.

15    Further, because the Court finds that the Complaint sufficiently states a claim against the

16    named defendants, the Court further finds that the Complaint is not frivolous.  *Neitzke v. Williams*,

17    490 U.S. 319, 325 (1989) (defining frivolousness under 28 U.S.C. § 1915 as having no legal issues

18    arguable on their merits) .

19    **B.    Whether the Complaint Seeks Monetary Relief from an Immune Party**

20    The Court must dismiss the complaint or any cognizable claim if the complaint seeks

21    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(2).

22    Here, Plaintiff's Complaint seeks "1.5 million for mental anguish and trauma" (which the Court

23    construes as $1.5 million) due to alleged constant fear of injury, the unhealthy food and alleged

24    health trauma from the black mold, and for loss of his personal effects due to water damage.  [Dkt.

25    1 at 4].

26    The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e) *et. seq.* prohibits

27    recovery for mental anguish.  42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a

28    prisoner confined in a jail, prison or other correctional facility for mental or emotional injury

United States District Court
Northern District of California

United States District Court
Northern District of California

1    suffered while in custody without a prior showing of physical injury or the commission of a sexual

2    act (as defined in section 2246 of Title 18).").   However, inmates can seek nominal or punitive

3    damages under the PLRA for violations of their constitutional rights.  *Oliver v. Keller*, 289 F.3d

4    623, 630 (9th Cir. 2002) (distinguishing between seeking relief for mental anguish and seeking

5    relief for violation of constitutional rights; finding that prisoner could seek nominal and punitive

6    damages under PLRA for violation of Fourteenth Amendment rights); *see also Schneider v.*

7    *County of San Diego*, 285 F.3d 784, 794 (9th Cir. 2002) (finding that plaintiff was entitled to

8    nominal damages on his procedural due process claim, as a matter of law, "as a symbolic

9    indication of his constitutional right"); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014)

10   (although plaintiff not entitled to compensatory damages for any time he spent in prison as result

11   of violation of Miranda rights because he was also serving time on other convictions, success on

12   merits of § 1983 Miranda claim would entitle him to award of nominal damages); *Smith v. Wade*,

13   461 U.S. 30, 56 (1983) (punitive damages may be awarded in § 1983 suit "when defendant's

14   conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous

15   indifference to the federally protected rights of others.").  Here, at this stage of the proceedings,

16   the Court liberally construes Plaintiff's request for relief as seeking nominal and punitive damages

17   for the alleged violations of his Eight Amendment or Fourteenth Amendment rights.

18         The Court may dismiss a claim on immunity grounds under 28 U.S.C. § 1915(e)(2)(B)(iii),

19   only if it is clear from the face of the complaint that the plaintiff can present no evidence that

20   could overcome an immunity defense.  *Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016),

21   *as amended on reh'g* (Apr. 15, 2016) (pre-service dismissal on basis of qualified immunity

22   appropriate only in limited circumstances).  Here, it is not clear from the face of the complaint that

23   Defendants are entitled to absolute or qualified immunity.

                                    **CONCLUSION**

25         For the reasons set forth herein, the Court **ORDERS** as follows.

26         1.     As detailed herein and pursuant to the applicable legal standards, the Complaint

27   adequately states an Eighth Amendment and/or a Fourteenth Amendment claim against defendants

28   Humboldt County Sheriff Honsal and Humboldt County Correctional Facility Captain Christian.

1    The Court therefore **FINDS** that the Complaint satisfies the mandatory screening requirements of

2    § 1915A.

3         2.        The Clerk shall issue a summons and the United States Marshal shall serve, without

4    prepayment of fees, a copy of the operative Complaint with all attachments thereto [Dkt. 1], a

5    consent or declination to Magistrate Judge jurisdiction form, and a copy of this Order upon

6    **defendants Humboldt County Sheriff Honsal and Humboldt County Correctional Facility**

7    **Captain Christian at 826 Fourth Street, Eureka, CA 95501.**  A courtesy copy of the operative

8    complaint with attachments and this order **SHALL** also be mailed to the Humboldt County

9    Counsel, at 825 5th Street, Room 110, Eureka CA 95501.

10        3.        The Court **REFERS** this case to U.S. Magistrate Judge Robert Illman for

11   settlement proceedings pursuant to the Court's Pro Se Prisoner Mediation Program.  Plaintiff has

12   another case before this Court, Civil Action No. 24-cv-01035, *Smith v. Humboldt Cty. Sheriff's*

13   *Office Corr. Facility*, involving essentially the same Parties (although dealing with different

14   causes of action) which the undersigned is also referring to Judge Illman for a judicial settlement

15   conference.  The Court finds that, in order to conserve judicial resources and facilitate settlement,

16   it makes sense to refer this action as well to Judge Illman for coordinated settlement proceedings

17   so that the Parties may explore whether a global or coordinated settlement of both cases is

18   appropriate.

19        4.        The judicial settlement conference shall be held at the earliest opportunity as set by

20   Judge Illman consistent with his scheduled availability.  At his discretion, Judge Illman shall

21   coordinate the place, time, and date for the judicial settlement conference (or conferences, if he

22   determines multiple conferences are appropriate) in both cases with all interested Parties and their

23   representatives.

24        5.        The Clerk is directed to send Magistrate Judge Illman a courtesy copy of this

25   Order.

26        6.        Within thirty (30) days of the completion of the judicial settlement conference

27   proceedings, the Parties are **ORDERED** to file a Joint Status Report addressing: (1) whether

28   further settlement proceedings would be appropriate and when; (2) setting forth a discovery plan

United States District Court
Northern District of California

8

and case schedule; and (3) addressing issues required under Fed. R. Civ. P. 16.  The Court will direct the Parties further after reviewing the Status Report, including whether the Court will require an in-person Status Conference.

**IT IS SO ORDERED.**

Dated:  January 7, 2025

_____
PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

9